UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:16-cr-40055-SLD-1 |
| ) | |
| FREDERICK LUGENE HILL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

ORDER

Before the Court is Defendant Hill's motion to dismiss the indictment, ECF No. 13. For the following reasons, the motion is GRANTED and the indictment, ECF No. 9, DISMISSED.

**BACKGROUND**[1]

Hill had been convicted of aggravated criminal sexual assault in Henry County, Illinois on August 27, 1987. Compl. Aff. ¶ 7. As a consequence of this conviction, Hill was required to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"). Indictment. By June 2016, he was living in Rock Island, Illinois. *Id.* ¶ 3. He was evicted from his Rock Island residence on June 3, 2016. *Id.* On July 29, 2016, he told Rock Island policemen that he had been living in Davenport, Iowa since July 5, 2016. *Id.* at ¶ 5.

The criminal complaint in this matter was filed on August 31, 2016, alleging that Hill had failed to register as a sex offender as required by 18 U.S.C. § 2250. ECF No. 1. An indictment followed on September 20, 2016, alleging the same thing.

**DISCUSSION**

---

[1] When considering a motion to dismiss an indictment, a court assumes all the facts in the indictment are true and views them in the light most favorable to the government. *United States v. Yashar*, 166 F.3d 873, 880 (7th Cir. 1999). The facts recounted here are taken from the indictment and from the affidavit filed in support of the criminal complaint, ECF No. 1.

1

Hill argues that the indictment must be dismissed because venue does not lie in the Central District of Illinois. Mot. Dismiss 1.

I.   **Legal Standard on a Motion to Dismiss**

A party to a criminal proceeding may raise by pretrial motion any objection, defense, or request that the court can determine without a trial on the merits. Fed. R. Crim. P. 12(b)(1). One such defense is that the prosecution has been instituted in an improper venue. *Id.* 12(b)(3)(A)(i). In considering such a motion, a court assumes all facts in the indictment are true and views those facts in the light most favorable to the government. *United States v. Yashar*, 166 F.3d 873, 880 (7th Cir.1999); see also *United States v. Pitt-Des Moines, Inc.*, 970 F.Supp. 1346, 1349 (N.D.Ill. 1997) (comparing a motion to dismiss an indictment to a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss); *United States v. Andrews*, 749 F.Supp. 1520, 1521 (N.D. Ill.1990).

II.   **Analysis**

The disagreement in this case stems from the government's insistence that Hill ought to be tried for failing to update his sex offender registration in a venue where, concededly, he had no obligation to do so. Resp. Mot. Dismiss 10, ECF No. 14.

The United States Constitution, federal statute, and the federal rules of criminal procedure require a federal defendant to be tried in the federal judicial district where that crime is alleged to have occurred. U.S. Const. art. III, § 2, cl. 3 ("Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed."); *id.* amend. VI (guaranteeing a defendant a trial "by an impartial jury of the State and district where the crime shall have been committed"); 18 U.S.C. § 3237 ("Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in

which such offense was begun, continued, or completed."); Fed. R. Crim. P. 18 ("Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed."). For venue in a given judicial district to be proper, "[t]he government must establish, by a preponderance of the evidence . . . that the offense occurred in the district in which it was brought." *United States v. Herrera–Ordones*, 190 F.3d 504, 509 (7th Cir. 1999). Disputed facts are construed in the light most favorable to the government. *Id.*

Anyone who is required to register as a sex offender under SORNA who "knowingly fails to register or update a registration as required by [SORNA]" breaks the law, provided that he has also traveled in interstate commerce. 18 U.S.C. § 2250. SORNA, in turn, requires that a sex offender

> not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

42 U.S.C. § 16913(c). "Jurisdictions involved" pursuant to subsection (a) are "each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." *Id.* § 16913(a).

The Supreme Court recently explained that when a sex offender leaves a State where he resides and is lawfully registered, travels in interstate commerce, and then fails to register in a new jurisdiction, the State he has left does not count as a "jurisdiction involved" under § 16913. *Nichols v. United States*, 136 S. Ct. 1113, 1116 (2016). Nichols was registered as a sex offender where he resided, in Kansas. *Id.* at 1117. He then left Kansas for Manila, where he was later apprehended by Philippine authorities, returned to the United States, and charged in Kansas with violation of § 2250. *Id.* The Court held that SORNA's plain text required Nichols to register as

3

a sex offender "not later than 3 business days *after* each change of residence," and that thus, he was only required to register at his new place of residence, employment, or education. *Id.* at 1117–18.  Kansas was, by the time of Nichols's actual violation, none of those places, and not a "jurisdiction involved"; thus, Nichols did not have to update his registration there.  In reaching this conclusion, the Court rejected as "too clever by half" the government's argument that Nichols had actually experienced more than one change of residence by first leaving Kansas (change 1) and then arriving in Manila (change 2).  *Id.* at 1118.  Relying on the "ordinary English" understanding that Nichols had changed his residence just once, the Court rejected the argument, writing that "[s]uch ponderings cannot be the basis for imposing criminal punishment."  *Id.* at 1119.

The Court's holding in *Nichols* has been taken by at least two district courts in the Seventh Circuit to have overruled or modified precedent in this Circuit holding that venue for violations of § 2250 lies in both the departure and arrival jurisdictions.  Prior to *Nichols*, the Seventh Circuit had held that when a sex offender left the Northern District of Indiana and failed to register in South Carolina, venue was proper in the Northern District of Indiana as well as South Carolina.  *United States v. Leach*, 639 F.3d 769, 771–72 (7th Cir. 2011).  The court supported its reasoning by: (1) citing the Sixth Amendment's requirement that a defendant be tried in the district where the crime was committed; (2) noting that "however, a sex offender violates the statute only when he travels across state lines and fails to register"; (3) citing 18 U.S.C. §3237 to the effect that continuing offenses may be charged in any district where they begin, continue, or end; (4) deciding that SORNA "required Leach to update his registration with Indiana authorities when he left the state . . . and register with South Carolina authorities when

4

he established residence there"; and (5) stating that venue would thus have been proper in either district. *Id.* at 772–73.

The first district court in the Seventh Circuit to interpret *Leach* post-*Nichols* determined that venue did not lie in Wisconsin under § 2250 against a defendant who traveled from Wisconsin to Washington and failed to update her sex offender registration.[2] *United States v. Haslage*, No. 16-CR-40, 2016 WL 3661362, at *1 (E.D. Wis. July 5, 2016). Focusing on the fourth step of *Leach*'s reasoning, now explicitly rejected by *Nichols*, the district court noted that the *Leach* Court had incorrectly thought SORNA required Leach to update his registration with Indiana authorities when he left Indiana. *Haslage*, 2016 WL 3661362 at *2. Because "[q]uite simply, nothing happened or was supposed to happen in Wisconsin," *id.* at *3, and without further comment on *Leach*, the court determined that "the federal crime did not commence until Haslage traveled in interstate commerce and afterward decided to reside in Washington," *id.*, and granted the motion to dismiss.

The second district court in the Seventh Circuit to interpret *Leach* post-*Nichols* also found that "*Nichols* requires an alteration of existing law regarding the proper venue for SORNA violations." *United States v. Toney*, No. 16-CR-43-JPS, 2016 WL 3945358, at *3 (E.D. Wis. July 19, 2016). Again focusing closely on *Nichols*'s determination that failure to register in a sex offender's departure jurisdiction is not a crime, the district court, without discussing *Leach*'s reasoning in detail, determined that the defendant, who had left Wisconsin for Minnesota, had committed an offense that "began, continued, and ended" in Minnesota, where she failed to register. *Id.* at *4.

---

[2] The government appealed the grant of dismissal in both of these district court cases, which were argued before the Seventh Circuit on December 6, 2016. *See* Case Nos. 16-3095 and 16-3196. The Court of Appeals has not yet issued a ruling. The parties in this case have requested that the Court rule on the motion to dismiss, rather than await the Seventh Circuit's ruling, which would likely be dispositive.

The Court will now consider (1) whether it is bound by *Leach* to rule that venue is proper in the Central District of Illinois, here the departure jurisdiction; and, (2) if the Court is not so constrained, whether the government has met its burden to show the propriety of venue here.

As to the first point, the Court agrees with the *Haslage* and *Tony* courts that *Nichols* either impliedly overruled *Leach*, or vitiated the basis of *Leach*'s holding by rejecting a position necessary to the conclusion drawn in *Leach*. Like its sister courts, the Court concludes that a necessary step in *Leach*'s reasoning, numerated "4" above, was invalidated by *Nichols*, and indeed, that *Leach*'s logic implies, without the invalid step, that venue would not lie in the departure jurisdiction. After observing the constitutional requirement of venue in the jurisdiction where the crime was committed was a reason why "[s]ome may find [it] surprising" that venue could lie in the departure jurisdiction, the *Leach* court explained that a sex offender "violates the statute *only* when he travels across state lines *and* fails to register." *Leach*, 639 F.3d at 772 (emphasis added). The court then cited § 3237's grant of authority to prosecute in any district where the crime begins, continues, or ends, and observed that Leach was required to register in both departure and arrival jurisdictions, thus committing a crime in both by failing to register in either, and explained that jurisdiction would have lain in either as a consequence. *Id*. Were it the case, as the government contends now, that mere passage across a state border, coupled with the crime of failure to register in the destination jurisdiction, were sufficient to render the traveling sex offender amenable to suit in the departure jurisdiction as well, it would be needless to observe (incorrectly) that a crime had been committed in the departure jurisdiction. The *Leach* court did not rest its conclusion on the theory that the crime of failing to register in the arrival jurisdiction began as or before the defendant left the departure jurisdiction; rather, it stated clearly that the defendant violates the law *only* when (and after) he has both traveled

6

across state lines and failed to register.  This crime, the court reasoned, exposes a defendant to prosecution wherever he commits it.  Because the *Leach* court concluded that the defendant had failed to register in two jurisdictions, it concluded that venue lay in two.  Since an incorrect position was integral to the rule pronounced, the Court will not follow it in the wake of *Nichols*'s rejection.

As to the second point, the Court also agrees with its sister courts that the nature of the offense of failing to register as a sex offender, as clarified by *Nichols*, makes venue in this district inappropriate.  Where Congress has not provided a specific venue statute, as it has not for the failure-to-register offense, and where an offense may touch more than one district, § 3237(a) permits venue "in any district where conduct that is part of the offense occurred."  *United States v. Orona–Ibarra*, 831 F.3d 867, 872 (7th Cir. 2016).  But, as the government correctly observes, this permission is conditioned by a defendant's Constitutional right to venue where the crime occurred.

> Given the nature of the right, "there is no . . . mechanical test to determine constitutional venue. Rather, the test is best described as a substantial contacts rule that takes into account . . . the site of the defendant's acts, the elements and nature of the crime, the locus and effect of the criminal conduct, and the suitability of [the] district . . . for fact-finding."

*Orona-Ibarra*, 831 F.3d at 872 (quoting *United States v. Muhammad*, 502 F.3d 646, 651 (7th Cir. 2007)).

The government contends that because Hill had to come from somewhere (Rock Island) in order to complete the act of failing to register in a new place (Davenport), part of the offense "occurred" in this district; namely, the departure part.  The position relies on a polemically mechanistic reading of §2250's requirement that a defendant travel in interstate commerce.  As the Supreme Court made clear, one fails to register only in involved jurisdictions, which are

7

those to which one moves and where one has newly begun to work, study, and live. *Nichols*, 136 S. Ct. at 1117–18. This is reflected in the clear statutory requirement of registration "not later than 3 business days *after* each change of . . . residence, employment, or student status." 42 U.S.C. § 16913(c) (emphasis added). As the Supreme Court also made clear, had other antecedent portions of failing to register, such as the act of departure before failure to register, or omission to de-register in the prior jurisdiction, been, as the government puts it here, "essential conduct elements" of the offense, Congress surely could and would have said so, rather than referring merely to a "change" of residence. *Nichols*, 136 S. Ct. at 1118. Departure from one's prior residence is an "essential" element only in that it is necessary for the offense to be committed, not in that it forms some significant or culpable part of the offense itself; or in that it is in itself culpable; or in that it is conduct sought to be deterred by the statute. Indeed, sex offenders are permitted to travel in interstate commerce, so long as they do not change their residences and fail to register within three days of such a change. To construe the requirement of a change of residence as sweeping into venue considerations a place where no crime was committed, but from which one departed—since one had to depart from somewhere—is, as in *Nichols*, too clever by half.

Rather than a mechanistic parsing of the statute to spread its smallest elements as broadly across the jurisdictional landscape as possible, courts determine where venue lies by looking at the site of the acts, the nature of the crime, and the effect of the conduct. *Orona-Ibarra*, 831 F.3d at 872. The crime of failing to register occurs where the person fails to register, and consists in a failure to notify local authorities. The harm of failing to register is wrought in the destination jurisdiction, which is unable to take the precautions and provide the services that it does upon learning a sex offender has moved there. The government argues that the harm of

failing to register in the destination jurisdiction is felt in the departure jurisdiction's potential need to go out and find the missing offender, or of keeping inaccurate records without knowing it.  Resp. Mot. Dismiss 10.  But this expansive interpretation would have the effect of rendering null § 16913's express limitation of failure to register to the destination jurisdiction.

The government has not met its burden of showing by a preponderance of the evidence that venue is proper in the Central District of Illinois.  The indictment must be dismissed.

## CONCLUSION

Accordingly, Defendant Hill's motion to dismiss, ECF No. 13, is GRANTED.  The indictment, ECF No. 9, is DISMISSED.  The Clerk is directed to close the case.

Entered this 15th day of December, 2016.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
